IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| STURM, RUGER & CO., INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| AMERICAN OUTDOOR BRANDS CORPORATION, SMITH & WESSON INC. and THOMPSON/CENTER ARMS, COMPANY, LLC, | ) ) ) ) ) ) ) ) | Civil Action No. 19-cv-801-JL |
| Defendants. | ) ) ) | |

**PROPOSED DISCOVERY PLAN**
**(*Fed. R. Civ. P.* 26(f))**

**DATE/PLACE OF CONFERENCE:** January 16, 2020 at the U.S. District Court for the District of New Hampshire with Judge Laplante.

**COUNSEL PRESENT/REPRESENTING:** James F. Laboe, Orr & Reno, P.A. and Douglas Rettew, Finnegan, Henderson, Farabow Garrett & Dunner, LLP, counsel for Plaintiff, Sturm, Ruger & Co., Inc. ("Ruger"); Noah Robbins, Ballard Spahr, LLP and Christopher Cole, Sheehan, Phinney Bass & Green, counsel for Defendants, American Outdoor Brands Corporation, Smith & Wesson Inc., and Thompson/Center Arms, Company, LLC (collectively "AOBC").

**CASE SUMMARY**

**THEORY OF LIABILITY:**

Ruger seeks injunctive relief and damages for acts of trade dress infringement, unfair competition, and deceptive trade practices by the defendants in violation of the laws of the United States and the State of New Hampshire.. The defendants have manufactured, marketed and sold a rifle that is confusingly similar to the trade dress of

Ruger's iconic 10/22® carbine auto loading rifle (the "10/22"), including different variants, not just the wood stock Model 1103.  Defendants deliberately and willfully copied the recognizable look of the 10/22, which is non-functional, as demonstrated by the multiple competitive products on the market that have their own individual look and identity.  As a result, confusion is likely, empirically shown by Ruger's consumer survey, harming both consumers and Ruger alike.

**THEORY OF DEFENSE:**

Ruger seeks to protect the functional components of its wood stock 10/22 carbine rifle, which are non-protectable as a matter of law.   Moreover, the T/CR22, the accused product, does not possess an overall look and feel that is confusingly similar to the 10/22 wood stock carbine rifle.   Thus, Ruger is attempting to enforce intellectual property rights that it does not possess against a competing product that does not look similar enough to cause consumer confusion.

In addition, Defendants have asserted several affirmative defenses, including: (1) Injunctive relief is precluded, in whole or part, due to delay, (2) Claims are barred, in whole or part, by the doctrine of laches, (3) Claims are barred, in whole or part, by the doctrine of estoppel, (4) Claims are barred, in whole or part, by the doctrine of waiver, (5) Claims are barred, in whole or part, by the doctrine of acquiescence, (6) Claims are barred, in whole or part, because the alleged trade dress is functional, (7) Claims fail, in whole or part, due to a failure to mitigate, (8) Claims are barred, in whole or part, due to unclean hands and inequitable conduct.

**DAMAGES:**  (1) defendants' profits; (2) damages sustained by Ruger; (3) double or treble damages; (4) Ruger's attorneys' fees; (5) the costs of this action as borne by Ruger; and (6) interest.

**DEMAND:**  Ruger made a demand on December 9, 2019.

**OFFER:**  Defendants responded to Ruger's settlement proposal on December 16, 2019.

**JURISDICTIONAL QUESTIONS:**  None known at this time.

**QUESTIONS OF LAW:**    None known at this time.  The parties reserve the right to brief and argue any issues of law that arise.

**TYPE OF TRIAL:**  Jury on all claims so triable.

## DISCOVERY

**TRACK ASSIGNMENT:** Standard

**DISCOVERY NEEDED:**  The parties require reasonable discovery on liability, defenses, and damages.

**MANDATORY DISCLOSURES.**  Rule 26(a)(1) disclosures to be made by January 31, 2020.

**ELECTRONIC DISCOVERY ISSUES:**  The parties agree to produce electronically stored information ("ESI") as permitted under Fed. R. Civ. P. 34, in an electronic format which is reasonably accessible and searchable and which maintains the integrity of the ESI's embedded data and metadata.  The parties acknowledge that they have an ongoing duty to preserve all evidence (including ESI) which may be relevant to this action.  If, at any point in the litigation, any party seeks production of ESI in a format which the producing party believes is not reasonably accessible or searchable, the parties agree to confer in good faith regarding the scope of the requests and the costs and burden associated with producing that information.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS:  (Fed.R.Civ.P. 26(f)).**

Counsel shall review documents, including ESI, provided to opposing counsel to determine any privilege claims.  If any claim of privilege or immunity from discovery is made, the party claiming such privilege or immunity must provide a "Vaughn Index" with the basic information required so that the Court may review, in camera, the materials subject to the alleged privilege.  *See*, *generally*, *Vaughn v. Rosen*, 484 F. 2d 820 (C.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974); *Professional Firefighters of New Hampshire v. Healthtrust, Inc.*, 151 N.H. 501, 506 (2004) (outlining the use of a Vaughn Index for in camera review).

The parties agree that a reasonable inadvertent disclosure of privileged information does not constitute a waiver and that, if notice of inadvertent disclosure is given pursuant to Fed. R. Civ. P. 26(b)(5), the party receiving the privileged information will promptly return the specified information together with any copies, and will not use or disclose the information for any purpose.  To the extent the information has already been disclosed by the receiving party, the party shall take reasonable measures to retrieve the information or halt its further use or distribution.  If the parties are unable to agree on a claim of privilege, the issue may be submitted to the Court for resolution by proper motion.

**COMPLETION OF DISCOVERY:**  Discovery to be completed by June 1, 2020.

**INTERROGATORIES:** A maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29 and Fed. R. Civ. P. 33.

**REQUESTS FOR ADMISSION:** A maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** A maximum of 15 depositions, not including expert depositions. Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties. In addition, each party will have a maximum of two (2) hours per respective deponent if they chose to depose any of the following witnesses: Mark Gurney, Danielle Sanville, and/or James Unger.

**DISCLOSURE OF EXPERTS:**

>    Disclosure of experts by party bearing the burden of proof:  May 1, 2020

>    Rebuttal expert reports:  June 1, 2020

>    Depositions of experts to be completed by:  July 1, 2020

**CHALLENGES TO EXPERT DISCOVERY:**  No later than 45 days prior to trial.

**OTHER ITEMS**

**JOINDER OF ADDITIONAL PARTIES:**  No later than June 1, 2020

**THIRD-PARTY ACTIONS:**  No later than June 1, 2020

**AMENDMENT OF PLEADINGS:** No later than February 19, 2020

**DISPOSITIVE MOTIONS:**

**For Summary Judgment:**    No later than July 1, 2020

**SETTLEMENT POSSIBILITIES:**  Low probability at this time.

**JOINT STATEMENT RE MEDIATION:**   July 15, 2020

**WITNESSES AND EXHIBITS:**

All witnesses and exhibits will be disclosed and exchanged between the parties in accordance with Local and Federal Rule of Civil Procedure and any Order by the Court.

**TRIAL ESTIMATE:** The parties anticipate that the trial will comprise approximately seven (7) trial days

**TRIAL DATE:** Two-week trial period beginning November 5, 2020.

**PRELIMINARY PRETRIAL CONFERENCE:** Occurred on January 16, 2020.

**OTHER MATTERS:** None at present.

| | |
|---|---|
| DATED this 23rd day of January 2020 | DATED this 23rd day of January 2020 |
| **ORR & RENO, P.A.** | **SHEEHAN PHINNNEY BASS & GREEN** |
| By: /s/ James F. Laboe<br>James F. Laboe (NH Bar No. 14571)<br>P.O. Box 3550<br>Concord, New Hampshire 03302-3550<br>Telephone: (603) 224-2381<br>Facsimile: (603) 223-2318<br>jlaboe@orr-reno.com | By: /s/ Christopher Cole<br>Christopher Cole (NH Bar No. 8725)<br>Ryan Lirette (NH Bar No. 19561)<br>1000 Elm Street, P.O. Box 3701<br>Manchester, New Hampshire 03105<br>Telephone: (603) 627-8223<br>ccole@sheehan.com |
| **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP** | **BALLARD SPAHR, LLP** |
| Douglas A. Rettew, Admitted *Pro Hac Vice*<br>901 New York Avenue, N.W.<br>Washington, DC 20001-4413<br>Telephone: (202) 408-4161<br>doug.rettew@finnegan.com<br><br>*Attorneys for Sturm, Ruger & Co., Inc.* | Hara Jacobs, Admitted *Pro Hac Vice*<br>Noah Robbins, Admitted *Pro Hac Vice*<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Telephone: (215) 864-8209<br>jacobsh@ballardspahr.com<br>robbinsn@ballardspahr.com<br><br>*Attorneys for American Outdoor Brands Corporation, Smith & Wesson Inc. and Thompson/Center Arms Co., LLC* |

2675241