IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| STURM, RUGER & CO., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:19-cv-00801-JL |
| AMERICAN OUTDOOR BRANDS | ) | |
| CORPORATION, SMITH & WESSON | ) | |
| INC. | ) | |
| and | ) | |
| THOMPSON/CENTER ARMS, | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT DISCOVERY ORDER

On February 21, 2020, the Court conducted a telephonic conference in the above-captioned matter to address issues involving outstanding discovery. The Court, having considered the Parties' respective written submissions and oral arguments, hereby orders as follows:

Ruger's Discovery Requests

1. Interrogatory No. 1: Defendants will produce a list of every individual (by name and title) involved in the decision to develop the T/CR22 (or to develop a rifle for the .22 caliber market), including anyone involved in meetings (including "Control Meetings" and "Stage Gate Review Meetings") and/or discussions. This includes anyone involved in the decision to develop T/CR22 (or to develop a rifle for the .22 caliber market) who may have been on the management, brand, and/or sales teams. Defendants will also include a single line describing each person's role.

2. Interrogatory No. 2: Defendants will produce a list of every individual (by name and title) involved in the development of the T/CR22 (or the development of a rifle for the .22 caliber market), including anyone involved in meetings (including "Control Meetings" and "Stage Gate Review Meetings") and/or discussions. This includes anyone involved in the development of the T/CR22 (or development of a rifle for the .22 caliber market) who may have been on the management, brand, and/or the sales teams. Defendants will also include a single line describing each person's role.

3. Interrogatory No. 3: Defendants will provide the number of T/CR22 rifles (by model) manufactured and shipped to date by Defendants to any buyer (wholesale, retail, or individual).

4. Interrogatory No. 5: Defendants will provide a list of every individual (by name and title) involved in any market analysis of the T/CR22, including anyone who participated in or conducted meetings or discussions about any market analysis.

5. Interrogatory No. 6: Defendants will provide the names of any companies or individuals involved in creating or supplying the tooling for any visible or external aspects of the T/CR22 rifle (including all models).

6. Interrogatory No. 7: Defendants will provide the names of any companies or individuals involved in creating or supplying component parts for any visible or external aspects of the T/CR22 rifle (including all models).

7. Interrogatory No. 10: Defendants will provide the gross revenue for each model of T/CR22 sold to date.

8. Interrogatory Nos. 12 and 13: Defendants will identify—and produce any documents manifesting or reflecting—any and all customer complaints and/or returns of merchandize concerning the T/CR22 that refer to or mention either "Ruger" or "10/22," including on or in emails, online submissions, telephone calls, or otherwise.

9. Document Request No. 3: Defendants will produce all documents that describe, relate, or refer to the design of the T/CR22 in any way.

10. Document Request No. 6: Defendants will produce all documents that describe, relate, or refer to the sales of the T/CR22 in any way, at any level in the distribution chain.

11. <u>Document Request No. 16</u>: Defendants will produce all customer communications concerning the T/CR22 that reference or mention "Ruger," "10/22," or accessories for the 10/22 rifle that are specifically identified on Ruger's website ([www.ruger.com](www.ruger.com) and [www.shopruger.com](www.shopruger.com)), i.e. stocks, magazines, barrels, triggers, sights, lights, lasers, scope bases, and any components for any such accessories.

<u>Defendants' Discovery Requests</u>

1. <u>Document Request No. 1</u>: Ruger shall produce all documents concerning the T/CR22.

2. <u>Document Request No. 2</u>: Ruger shall produce all documents concerning the design, development, and creation of the alleged trade dress elements for each model of the 10/22 that Ruger asserts has been infringed by Defendants.

3. <u>Document Request No. 3</u>: Ruger shall produce all documents supporting or refuting the contention that the "original design and concept for the 10/22 rifle has remained virtually the same since 1964" as alleged in Paragraph 12 of the Amended Complaint.

4. <u>Document Request No. 11</u>: Ruger shall produce all documents concerning the target demographic market for 10/22 rifles.

5. <u>Document Request No. 12</u>: Ruger shall produce all documents concerning the factors that consumers of .22 caliber rifles consider in their purchasing decision.

6. <u>Document Request No. 21</u>: Ruger shall produce all documents concerning any allegations made by Ruger, in any form or forum, that a .22 caliber rifle offered by a third-party infringed the trade dress rights of the 10/22.

7. <u>Document Request No. 26</u>: Ruger shall produce all documents concerning Ruger's knowledge of, or investigation into, the T/CR22.

8. <u>Document Request No. 27</u>: Ruger shall produce all documents concerning Ruger's timing in filing this Action.

9. <u>Document Request No. 28</u>: Ruger shall produce all documents concerning its consideration as to whether to file this Action.

10. In the event Ruger withholds documents responsive to Request Nos. 26, 27, or 28 on the basis of privilege, Ruger shall provide to Defendants a privilege log identifying such withheld documents in the form and manner set forth in Federal Rule of Civil Procedure 26(b)(5)(A).

Failure to reference a specific Interrogatory and/or Document Production Request in this Order is not to be deemed a waiver of the Parties' respective obligations to fully respond to, and/or supplement, all outstanding discovery requests.

**SO ORDERED** this __3rd___ day of ___March, 2020.

_____
The Honorable Joseph N. Laplante
United States District Court Judge